RECEIVED
APR 21 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS (APPELLANT) | CIVIL ACTION NO. 1:14-cv-3533 |
| -vs- | JUDGE DRELL |
| EVANGELINE BANK & TRUST CO. (APPELLEE) | MAGISTRATE JUDGE KIRK |

## RULING

Pending before the Court is a motion to remand (Doc. 23) filed by Appellant Jimmie DeRamus (though not part of the pending appeal). We have considered the filings and evidence in the record and the parties' arguments contained in their briefs. For the following reasons, the motion will be **GRANTED**.

The United States Bankruptcy Court for Western District of Louisiana entered judgment ("Judgment") in the amount of $31,858.00 against Jimmie DeRamus in favor of The Evangeline Bank ("Bank") on October 16, 2014 (See Doc. 26). The judgment represented a debt owed to the Bank by DeRamus. In December, the Bank filed a petition in the Ninth Judicial District Court for Rapides Parish, Louisiana to make the Judgment executory under Louisiana law. Id. Having succeeded in doing so, in January, the Bank recorded the executory judgment in the mortgage records, effecting a judicial mortgage, under Louisiana law, on DeRamus' property within Rapides Parish. Id. In that state court proceeding, initiated by the Bank, DeRamus filed a motion to deposit the full amount of the judgment award into the registry of

the court in order to cancel the inscription of the mortgage.[1] Id. The Bank then removed "that Motion styled 'Motion to Deposit Funds Into Registry of Court and Cancel Inscription of Judicial Mortgage' . . . pursuant to 28 U.S.C. 1334, 1452 and FRBP 9027" (Doc. 18). DeRamus filed the present motion to remand the motion (Doc. 23), which is opposed by the Bank (Doc. 26).

"A party may remove any **claim or cause of action** . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452 (emphasis added). Furthermore, the court "may remand such claim or cause of action on any equitable ground." Id. We must abstain from exercising jurisdiction over any claim or action which could not have been commenced in a court of the United States absent jurisdiction under 28 U.S.C. § 1334 if the action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction. 28 U.S.C. § 1334. Additionally, nothing in Section 1334 prevents this Court "in the interest of justice, or in the interest of comity with State Courts or respect for State law, from abstaining from hearing a particular proceeding arising under . . . or related to a case under title 11." Id.

There are significant questions here whether this motion was properly removed. For starters, the Bank attempts only to remove a motion – not a claim or cause of action – from the state court proceedings for adjudication in this court. Neither this Court, nor any federal court, has any interest in interfering with ongoing

---

[1] Apparently, DeRamus also sent payment to the bank directly along with a letter reserving his right to continue his appeal of the judgment in this Court, but the Bank rejected the payment.

state court proceedings by deciding individual motions. Such a notion flies in the face of the very concept of comity with the State Courts.

Secondly, even if we construe this removal of a motion as removal of the entire cause of action, we must abstain from exercising jurisdiction. The action commenced *by the Bank* in state court to make the Judgment executory under Louisiana law could not have been commenced in this Court. La. Code Civ. P. art. 2541.[2] The action currently in state court concerns matters of state procedural law for the means of effecting and cancelling security rights in property. This Court would have no jurisdiction for adjudicating such matters but for the ancillary relationship to a pending bankruptcy appeal. The Bank already commenced the action in a state court of appropriate jurisdiction, which court can timely adjudicate the claims. Therefore, we are required to abstain from exercising jurisdiction. See 28 U.S.C. § 1334(c)(2). Even if we were not required to abstain, we would exercise our discretion to abstain in the interest of comity with the state court and respect for state law. We find no judicial economy to be gained by exercising supplemental jurisdiction over the state law issue the Bank has removed. This is true because, in this district, a removed bankruptcy-related claim is referred to the Bankruptcy Court for adjudication. Unless the reference is then withdrawn, the easy state court decision whether to cancel the

---

[2] "A party seeking recognition or execution by a Louisiana court of a judgment or decree of a court of the United States . . . may either seek enforcement pursuant to R.S. 13:4241, et seq., or bring an ordinary proceeding against the judgment debtor in the proper Louisiana court, to have the judgment or decree recognized and made the judgment of the Louisiana court." This article was revised in 1960 to codify Louisiana jurisprudence that "a foreign judgment cannot be executed in Louisiana until it is sued upon in Louisiana and recognized by and made the judgment of a Louisiana court, and that the procedure in such a suit is in all respects the same as in any other suit originally filed here." La. Code Civ. P. art. 2541, cmt (a).

mortgage inscription becomes complicated in an unnecessary and cumbersome federal proceeding.

In saying all of this, we cannot help but ponder the Bank's motive in trying to piecemeal the litigation. DeRamus has attempted twice to pay the judgment. Yet, the Bank does not wish to accept payment. It all appears to have something to do with the fact that DeRamus's pending appeal from the bankruptcy court, if sustained, may force the Bank to return the payment. If the Bank is uncomfortable in this regard, it can simply leave the payment in the registry of the court and deal with any supplemental accrued interest later. There is just no good reason for us to exercise jurisdiction over this collateral matter even if we were to decide we have it.

Accordingly, the motion to remand (Doc. 23) filed by Jimmie DeRamus will be **GRANTED**. A separate order will effect the remand.

SIGNED on this 21st day of April, 2015 at Alexandria, Louisiana.

                                                    DEE D. DRELL, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT