RECEIVED
FEB 24 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| JIMMIE DERAMUS (APPELLANT) | CIVIL ACTION NO.1:14-cv-3533 |
| -vs- | JUDGE DRELL |
| EVANGELINE BANK AND TRUST CO. (APPELLEE) | MAG. JUDGE PEREZ-MONTES |

### RULING ON APPEAL AND ORDER OF REMAND

Before the court is an appeal from a ruling issued by the United States Bankruptcy Court, Western District of Louisiana, Alexandria Division on October 16, 2014. The Bankruptcy Court granted Evangeline Bank & Trust Company's ("Evangeline Bank") motion for partial summary judgment and entered judgment in the amount of $31,565 against Jimmie DeRamus d/b/a Silver Dollar Pawn and in favor of the Evangeline Bank. (See Doc. 26). We have spent many hours attempting to resolve this appeal based upon the underlying record.

### Standard of Review

This court has jurisdiction over this appeal pursuant to 28 U.S.C. §158(a). In such an appeal, Rule 8013 of the Federal Rules of Bankruptcy Procedure requires the court to accept the bankruptcy court's findings of fact unless clearly erroneous and to examine *de novo* the conclusions of law. See In re Halo Wireless, Inc., 684 F.3d 581, 586 (5th Cir.2012). Mixed questions of law and fact are also reviewed *de novo*. In re San Patricio Cnty. Cmty. Action Agency, 575 F.3d 533, 557 (5th Cir.2009).

## Factual and Procedural History

The bankruptcy court's ruling was based upon the oral reasons assigned at the conclusion of the hearing on October 15, 2014 (Doc. 3-5). A transcript of that hearing shows the bankruptcy court adopted the statement of material facts asserted in Evangeline Bank's partial motion for summary judgment pursuant to Local Rule 56.2 as DeRamus failed to file a statement of contested facts or introduce any evidence at the hearing. The statement of material facts adopted included:

1.
Evangeline Bank is both a secured and unsecured creditor of the Debtor, Annrich, Inc., as evidenced by its proofs of claim filed in the bankruptcy case of Annrich, Inc. [in bankruptcy case number 12-80647]. The bank is also both a secured and undersecured creditor of Richard J. Heath and Mary A. Heath, Debtors in related Bankruptcy Case No. 11-80697.

2.
The Evangeline Bank and Trust Company filed secured Proofs of Claim in bankruptcy case number 12-80647 in the amounts of $19,342.87, $2,826.67, $12,010.30, and $542,116.76 (claim numbers are 1-1, 2-1, 3-1, and 4-1).

3.
The Evangeline Bank and Trust Company filed Proofs of Claim in case number 11-80697 in the amounts of $34,179.84, $20,963.12, $102,074.57, and $263,950.72 (claims number 7-1, 8-1, 9-1, 10-1).

4.
Annrich, Inc. was solely owned and operated by Richard J. Heath and Mary A. Heath. The Heaths are both Debtors in the related Chapter 7 Bankruptcy Case also pending in the Western District of Louisiana, Alexandria Division, Case No. 11-80697. The Heaths' case was previously one under Chapter 11 until it was converted to Chapter 7 on October 12, 2011.

5.
On June 30, 2011, Richard J. Heath granted Power of Attorney to Jimmie DeRamus and Jimmie DeRamus accepted the appointment as agent for Richard J. Heath.

6.
On June 30, 2011, the shareholders of Annrich, Inc., Richard J. Heath and Mary Heath, passed a Resolution granting Richard J. Heath authority to mortgage, sell or encumber property.

7.

2

On November 23, 2011, Jimmie DeRamus issued a Bill of Sale to Security Metal Roofing for the sale of a Komatsu backhoe for $31,565.00.

8.

The Bill of Sale provides that Jimmie DeRamus "warrants that there are no mortgages, liens or encumbrances of any kind against the movable property sold or any accessories attached thereon."

9.

The Komatsu backhoe sold bearing Serial Number A22096 was subject to a lien and UCC Financing Statement in favor of Evangeline Bank.

10.

Richard J. Heath and Mary Heath filed a Petition for Relief under Chapter 11 of the United States Bankruptcy Code on May 31, 2011, which was converted to a case under Chapter 7 on October 12, 2011.

11.

Thomas R. Willson was appointed as trustee of the estate of the Debtors, Richard J. Heath and Mary Heath on October 12, 2011.

12.

A meeting of creditors was conducted pursuant to Section 341 of the United States Bankruptcy Code on November 15, 2011, not concluded but adjourned to December 13, 2011.

13.

Debtors Richard J. Heath and Mary Heath did not file a Monthly Operating Report during the time their case was a case under Chapter 11 of Title 11 of the United States Code.

14.

Debtors Richard J. Heath and Mary Heath sold assets by private sale soon after the Meeting of Creditors was first held in the Chapter 7 case, without court authority and without the consent of the Chapter 7 Trustee.

15.

Debtors Richard J. Heath and Mary Heath sold a significant asset, the Komatsu backhoe, by private sale soon after the initial Debtor Interview in the Chapter 11 case, without court authority.

16.

Neither Richard J. Heath nor Mary Heath nor Annrich, Inc. had court authority to pledge, pawn, sell or encumber any bankruptcy estate property.

(Doc. 3-4).

The bankruptcy court found the 2006 Komatsu backhoe was an asset of "the bankruptcy estate" and the Heaths, as debtors, were prohibited by the standing orders of the bankruptcy court and provisions of the United States Bankruptcy Code from alienating or encumbering assets of the bankruptcy estate outside the ordinary course of business without court approval. Additionally, the court said, the Heaths could not execute powers of attorney and/or appoint agents without court approval. Nevertheless, Mr. Heath had proceeded without court approval to execute a power of attorney, appoint DeRamus his agent, and pawn the 2006 backhoe for $10,000. The bankruptcy court found these action were in violation of the automatic stay order and "Fifth Circuit precedent"; thus, the pawn transaction and all actions undertaken by DeRamus thereafter were null and void. (Doc. 6-18).

## **Law and Analysis**

DeRamus presents seven issues for consideration on appeal: (1) Heath did not appoint DeRamus as his agent on June 30, 2011; (2) Heath did not own the backhoe on June 30, 2011; (3) 11 U.S.C. 362 was not applicable in this case on June 30, 2011; (4) DeRamus was never appointed as an agent for Heath and he never sold the backhoe for Heath; (5) the bankruptcy court refused to consider the Louisiana law applicable to pawn transactions; (6) the bankruptcy court refused to consider the counterclaim of DeRamus against Evangeline Bank; and (7) there were special circumstances regarding the notice of the October 15, 2014 hearing which prohibited him from responding. Most of these "issues" are actually factual assertions which Evangeline Bank argues may not be argued on appeal.

Factual finding may be contested on appeal but unless they are clearly erroneous, this court must uphold them. DeRamus' only argument is that "special circumstances" prevented him from

4

receiving notice and filing an opposition. Specifically, the notice issued by the bankruptcy court was not properly certified and he was not afforded sufficient time to respond to the partial motion for summary judgment. Neither amounts to error, much less clear error. First, the record contains a certificate of notice generated by CM/ECF which shows Mr. DeRamus received notice by mail and his attorney, Charles A. Schutte, Jr. received notice through the CM/ECF electronic mail system. (Doc. 6-15). Second, the argument that a 5 day delay within which to file an opposition was unreasonable lacks merit as there is no indication that DeRamus sought and extension or that one was unfairly denied. Accordingly, the undisputed material facts as delineated in the statement of material facts were properly considered and are upheld.

The first issue DeRamus presents is whether or not the automatic stay entered pursuant to 11 U.S.C. §362 in the Heaths' individual Chapter 11 bankruptcy [case number 12-AP-08019] applied to invalidate the pawn transaction. To answer this question, this court must determine whether the backhoe was an asset of the Heaths' individual bankruptcy estate and that is a mixed question of law and fact. As such, it is subject to *de novo* review. The bankruptcy court found it was an asset of "the estate" but there was not in the bankruptcy ruling any detailed discussion regarding what estates existed during the relevant time period. That is, the Heaths declared personal bankruptcy in May 2011 and that proceeding was the only bankruptcy pending during the relevant time periods: when the backhoe was pawned on June 30, 2011, when the Chapter 7 Trustee was appointed on October 12, 2011 and when DeRamus d/b/a Silver Dollar Pawn sold the backhoe to a third party on November 23, 2011. Annrich did not file bankruptcy until June 9, 2012. As such "the estate" can only mean the Heaths' individual bankruptcy estate, during the relevant time periods.

5

For the backhoe to be found property of the individual estate, the Heaths must have had "all legal and equitable interests" in it at the time their bankruptcy commenced. 11 U.S.C. 541. Obviously, such interest existed if the Heaths owned the backhoe but the record contains conflicting information as to whether the Heaths or Annrich actually owned it. All documentation indicates Annrich owned the backhoe: the H&E Equipment Services "Order" shows Annrich as the purchaser of the 2006 backhoe (Doc. 3-2, p.51), the cancelled check is made payable to the H&E Equipment, drawn on Annrich's account at Evangeline Bank and Trust for the "1st payment on Backhoe WB140-2N KMO50329" (Doc. 3-2, p.52), and the UCC Financing Statement referencing the 2006 backhoe shows Annrich as the debtor (Doc. 3-2, p. 19). However, Richard Heath stated several times during a creditors' meeting on July 17, 2002, that he was the owner of the backhoe he pawned to Jimmy DeRamus d/b/a Silver Dollar Pawn. The bankruptcy court did not resolve this factual controversy and made no factual determination as to the actual ownership of the 2006 pawned backhoe. Without that, we cannot decide whether the ruling should be upheld. Accordingly, the matter must be remanded to the bankruptcy court for a factual finding as to ownership.

Even if, on remand, the bankruptcy court finds Annrich was the owner, it should examine the relationship between Annrich and the Heaths to ensure the Heaths did not have the requisite interest in the backhoe. While the general rule under Louisiana law[1] is that corporations are distinct legal entities separate from the individuals who own interests in them, Riggins v. Dixie Shoring Co., Inc., 590 So.2d 1164 (La.1991), and a shareholder's rights in the corporation do not include either direct ownership interests or pecuniary interests in the property owned by the corporation, Succession of Mydland, 653 So.2d 8 (La.App. 1st Cir.3/3/95); Olson v. Olson, 139

---

[1] State law should be examined when determining whether a debtor has an interest in property. See Butner v. U.S., 440 U.S. 418, 54-55 (1979).

6

So.3d 539, 546-47 (La.App. 2 Cir.,2014), the interest in property may belong to the debtor when the corporation is nothing more than its alter ego. As the record contains references to Annrich's being a closely held company, the determination as to the legal relationship in the context of a bankruptcy estate in this case must also be made.

This court recognizes a determination that the backhoe is an asset of the Heaths' individual bankruptcy estate may result in affirmation of the bankruptcy court's ruling. However, a determination that Annrich owned the backhoe may present additional questions to the bankruptcy court. For example, below, the bankruptcy court adopted Evangeline Bank's argument[2] that "there [wa]s no authorization for the debtor, Annrich, and/or Mr. Heath, for that matter, to authorize Mr. DeRamus to act as the agent and attorney-in-fact" so he could sell the backhoe. (Doc. 6-18, p.37). In this regard, we note the lack of citation in the record to any authority for the court's finding. It is more puzzling in light of the fact that Annrich was not a bankruptcy debtor at the time that (1) Annrich issued a resolution granting Richard Heath authority to alienate and encumber its property, (2) Heath executed a power of attorney "on behalf of" Annrich, and (3) Heath, on behalf of Annrich, pawned the 2006 backhoe. So, also, remains the unanswered question of whether Richard Heath as an individual debtor was prohibited by an exhisting standing order of the bankruptcy court and/or provisions of the United States Bankruptcy Code (as argued by Evangeline Bank) from either acting as Annrich's agent or executing a power of attorney on its behalf.

---

[2] Evangeline Bank argued in its partial motion for summary judgment: "While the Heaths remained Debtors in Possession, the Standing Orders of this Court and the provisions of the United States Bankruptcy Code prohibit Debtors from alienating or encumbering any property outside of the ordinary course of business without approval. It is also likely, although arguable, that the individual Debtors are prohibited from executing Powers of Attorney and appointing agents without the authority of this court during a pending Chapter 11 case."

Although these questions cannot be considered by this court without findings from the bankruptcy court, we cannot help but note that Louisiana law, not bankruptcy law, may apply if the stay was inapplicable. Thus, the bankruptcy court may need to determine whether the law cited by DeRamus not only applies but also creates a privilege that primes all security interests, even UCC. At the time of the pawn transaction, Louisiana pawnbroker law read:

> The pawn transaction constitutes a service and vests the pawnbroker with the right of causing the debt to be satisfied by privilege and in preference to all other creditors, secured and unsecured, perfected or not. The pawnbroker can be compelled to return the security only when he has received the whole payment of the principal as well as the interest, service charges, and costs. A pawn transaction shall be considered a loan.

La.R.S. 37:1783. Recent amendments to the Louisiana Civil Code articles regarding pledge may have settled the issue for transactions occurring after January 1, 2015, but our research indicates it may be literal to the DeRamus pawn transaction. Accordingly, in light of the foregoing,

**IT IS HEREBY ORDERED** that the matter be **REMANDED** to the bankruptcy court for further factual findings. The bankruptcy court is authorized to reconsider its prior rulings as appropriate.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 24 day of February, 2016.

DEE D. DRELL, CHIEF JUDGE
UNITED STATES DISTRIC COURT

8